UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OMOTADE ADENIYI,<br><br>    Plaintiff,<br><br>v.<br><br>FULTON COUNTY, GA,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Omotade Adeniyi ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Fulton County, Georgia (hereinafter "Defendant" or "Fulton County"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

### II. PARTIES

2. Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3. Defendant is a municipality and government operating within Fulton County, Georgia.

4. Defendant may be served by delivering a copy of the summons and complaint to the Office of the County Manager at 141 Pryor Street, SW, Atlanta, Georgia 30303.

5. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII.

7. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

8. Plaintiff exhausted all administrative remedies in this matter.

9. This action has been timely commenced.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. FACTUAL ALLEGATIONS

11. Defendant is now, and at all times relevant hereto have been, an employer subject to Title VII.

12. Plaintiff is Nigerian.

13. Plaintiff was employed by Defendant from December 2010 until his termination on July 11, 2024.

14. Plaintiff was mostly recently employed by Defendant as Technical Operations Manager - System Engineering for Fulton County's Information Technology Department ("IT").

15. As a Technical Operations Manager, Plaintiff managed a team of System Engineers for Fulton County.

16. During all times relevant to his legal claims herein, Plaintiff reported to Mr. William "Bill" Clemons, Chief Technology Officer, and Mr. Kevin Kerrigan, Chief Information Officer.

17. Mr. Clemons is American.

18. Mr. Kerrigan is American.

19. Plaintiff consistently maintained a positive performance history with Defendant, including induction into the First Certified Public Manager Program.

20. In November 2023, Defendant hired Mr. Clemons, who became Plaintiff's direct supervisor.

21. After Mr. Clemons' appointment, he subjected Plaintiff to repeated discriminatory remarks regarding his national origin and the ethnic composition of

his team.

22. By way of example, Mr. Clemons called Plaintiff a "Nigger," and referred to him and his staff, which included one other Nigerian employee, as the "African Americans United Nations."

23. Plaintiff reasonably perceived these comments as derogatory toward his Nigerian national origin.

24. Plaintiff reported these discriminatory remarks to Defendant's Human Resources officials, including Ms. Melba Blount, Ms. Sharon Baines, and Ms. Stacey Jones.

25. Defendant failed to take corrective action, and Mr. Clemons' behavior persisted.

26. In February 2024, Defendant placed Plaintiff on paid administrative leave following a cybersecurity incident.

27. The cybersecurity incident stemmed from actions taken by Mr. Clemons, who bypassed standard security protocols by directing county staff to issue laptops to Plaintiff's subordinates without proper configuration.

28. Mr. Clemons was not placed on administrative leave.

29. Because the laptop was not properly imaged and secured, a cyber attacker gained access to Fulton County's information system.

30. The cyber attackers gained access to Fulton County's systems in early December 2023, however the multimillion dollar contract held with Defendant's incident protection group did not detect a breach until late January 2024.

31. During the investigation, the computers of Mr. Okestra Soneyin, Senior System Engineer, and Mr. Steve Gale, Senior System Engineer, were both identified as access points used as the cyber attacker to gain entry.

32. Mr. Soneyin is Nigerian.

33. Mr. Gale is American.

34. Mr. Soneyin was placed on administrative leave.

35. Mr. Gale was not placed on administrative leave.

36. Despite Plaintiff's lack of responsibility for the incident, Defendant continued to treat him as if he were at fault, while Mr. Clemons and other (American) employees directly involved were not disciplined.

37. Plaintiff's leave was extended five times, preventing him from resuming his duties and excluding him from opportunities for additional pay and crisis management experience.

38. During Plaintiff's leave, Defendant attempted to negotiate down the pricing of incident response efforts as the county was actively being attacked, delaying remedial efforts.

39. On July 11, 2024, Defendant terminated Mr. Soneyin's employment.

40. On July 11, 2024, Defendant terminated Plaintiff's employment.

41. Mr. Gale was not similarly terminated.

42. Mr. Gale was then promoted to Plaintiff's position.

43. Neither Mr. Clemons nor anyone from Desktop/Endpoint and Service Desktop Teams, all of whom are American, were disciplined for the cyberattack, despite Mr. Clemons authorizing these parties to distribute the laptops that were compromised.

44. Neither Mr. Clemons nor anyone from Desktop/Endpoint and Service Desktop Teams, all of whom are American, were terminated for the cyberattack, despite Mr. Clemons authorizing these parties to distribute the laptops that were compromised.

45. Plaintiff filed a claim against Defendant with the Equal Employment Opportunity Commission ("EEOC") on December 5, 2024.

46. Plaintiff received his Dismissal and Notice Rights from the EEOC, dated June 11, 2025.

## V. CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION

47. Plaintiff incorporates by reference all Paragraphs and allegations set forth in

this Complaint as though fully and completely set forth herein.

48. Plaintiff is a member of a protected class by virtue of his national origin.

49. Defendant was aware of Plaintiff's national origin.

50. Defendant discriminated against Plaintiff by subjecting him to repeated derogatory remarks regarding his national origin and the ethnic composition of his team.

51. After complaining of discrimination, Plaintiff was placed on administrative leave and terminated soon after.

52. Plaintiff suffered the adverse action of termination.

53. Following his termination, Plaintiff was replaced by an employee outside of his protected class.

54. That same, American employee had been identified as an access point used by the cyber attacker to gain entry, yet was no disciplined or terminated from his employment.

55. A second employee, who is also Nigerian, was placed on leave and then terminated after having been identified as an access point used by the cyber attacker to gain entry.

56. Plaintiff's national origin was a motivating factor in Defendant taking adverse action against him.

57. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

58. Defendant's business reason for Plaintiff's termination is pretextual.

59. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: TITLE VII RETALIATION

60. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

61. Plaintiff is a member of a protected class by virtue of his national origin.

62. Defendant was aware of Plaintiff's national origin.

63. Defendant discriminated against Plaintiff by subjecting him to repeated derogatory remarks regarding his national origin and the ethnic composition of his team.

64. As such, Plaintiff had a good faith belief that discrimination was occurring in the workplace.

65. Plaintiff thereafter reported the discrimination to Defendant, specifically stating he was discriminated against based on his national origin.

66. After complaining of discrimination, Plaintiff was placed on administrative leave and terminated soon after, adverse actions.

9.

67. The temporal proximity of Plaintiff's complaints of discrimination to the adverse actions taken against him shows causation.

68. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

69. Defendant's business reason for Plaintiff's termination is pretextual.

70. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## **PRAYER FOR RELIEF**

a.  WHEREFORE, Plaintiff prays that this Honorable Court grants the following relief:

b.  Trial by jury;

c.  That judgment be entered against Defendant on all claims;

d.  Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

e.  Attorney's fees, costs of litigation, and any other relief the Court deems just and proper;

f.  Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g.  Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h.  Any other relief this Court deems proper and just.

Respectfully submitted this 8th day of September, 2025.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Jarrell Bogan
Georgia Bar No. 584018
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

2872 Woodcock Blvd.
Suite 225
Atlanta, Georgia 30341
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

11.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 8th day of September, 2025.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        *Attorney for Plaintiff*

2872 Woodcock Blvd.
Suite 225
Atlanta, Georgia 30341
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com