IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OMOTADE ADENIYI,<br><br>Plaintiff,<br><br>v.<br><br>FULTON COUNTY, GA<br><br>Defendant. | CIVIL ACTION NO.<br> 1:25-CV-05092-SEG-JHR |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Fulton County, Georgia ("Fulton County" or "County") in the above-styled action, and hereby files this brief in support of its Motion to Dismiss Plaintiff Omotade Adeniyi's Complaint showing this Honorable Court as follows:

### I.   INTRODUCTION

On September 8, 2025, Plaintiff Omotade Adeniyi ("Plaintiff") filed a Complaint ("Complaint") against Fulton County alleging that he was subjected to national origin discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  (Doc. 1).  Specifically, Plaintiff, a Nigerian, alleges that his direct supervisor made "repeated discriminatory remarks

1

regarding his national origin and the ethnic composition of his team." (Doc. 1 at ¶¶ 12, 21). Plaintiff further alleges that after a cyber attack, Fulton County placed him on administrative leave, and he was eventually terminated for reporting these alleged discriminatory remarks. (Doc. 1 at ¶¶ 24-25, 36, 39). Even when construed in the light most favorable to Plaintiff, Plaintiff's Complaint fails to plead sufficient facts to allow this Court to reasonably conclude that he has viable claims for national origin discrimination and retaliation in violation of Title VII. For these reasons, Fulton County respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint in its entirety.

## II.   STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT[1]

Plaintiff, a Nigerian, was a Technical Operations Manager – Systems Engineering ("Technical Operations Manager") with the Fulton County's Information Technology ("IT") Department. (Doc. 1 at ¶ 12, 14). Plaintiff was with the IT Department from December 2010 until July 11, 2024. (Doc. 1 at ¶ 13). As the Technical Operations Manager, Plaintiff managed a team of System Engineers

---

[1] Because the Court must assume the facts as alleged in the Complaint as true for the purposes of ruling on a motion to dismiss, the facts recited herein are derived from Plaintiff's Complaint. (Doc. 1). *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Creedle v. Miami-Dade Cnty.*, 349 F. Supp. 3d 1276, 1285 (S.D. Fla. 2018). In making this motion, Fulton County make no admissions as to Plaintiff's allegations and hereby expressly reserves any and all defenses available to it.

for the County. (Doc. 1 at ¶ 15). Plaintiff alleges that William "Bill" Clemons, an American, was a Chief Technology Officer ("CTO") and became his direct supervisor in November of 2023. (Doc. 1 at ¶ 16, 17, 20). Plaintiff further alleges that after Mr. Clemons' appointment as CTO, Mr. Clemons subjected him to "repeated discriminatory remarks regarding his national origin and the ethnic composition of his team." (Doc. 1 at ¶¶ 21-22). Specifically, Plaintiff alleges that Mr. Clemons called him a racial epithet and referred to Plaintiff and his staff as the "African American United Nations." (Doc. 1 at ¶ 22). Plaintiff contends that he reasonably perceived these comments to be derogatory toward his Nigerian national origin. (Doc. 1 at ¶ 23).

Plaintiff alleges that he reported the alleged derogatory remarks to Fulton County's Human Resources officials, and the County failed to take corrective action and Mr. Clemons' behavior persisted.[2] (Doc. 1 at ¶¶ 24-25). The duration between the alleged discriminatory remarks after Plaintiff's alleged communication to members of Fulton County's Human Resources is not pled. *See generally,* Complaint.

Plaintiff further alleges that in February 2024, he was placed on paid

---

[2] Plaintiff does not specify a date, month, or other time period when he allegedly informed Human Resources of the alleged discriminatory comments.

3

administrative leave following a cybersecurity incident that impacted Fulton County. (Doc. 1 at ¶ 26). Plaintiff contends that in early December 2023, a cyber attacker gained access to Fulton County's information system through a laptop that was not properly imaged and secured. (Doc. 1 at ¶¶ 29-30). According to Plaintiff's Complaint, the cybersecurity incident stemmed from when Mr. Clemons bypassed standard security protocols when he directed county staff to issue laptops that were not properly configured to Plaintiff's subordinates. (Doc. 1 at ¶ 27). Plaintiff alleges that an investigation revealed that the cyber attacker's access points were through two Senior Systems Engineers, Okestra Soneyin, who is Nigerian, and Steve Gale who is American. (Doc. 1 at ¶¶ 31-33). Additionally, Plaintiff alleges that the Mr. Soneyin , whose device was breached, was placed on administrative leave and later terminated on July 11, 2024. (Doc. 1 at ¶¶ 31-32, 34, 39). Plaintiff alleges that he was placed on paid administrative leave and later terminated on July 11, 2024. (Doc. 1 at ¶¶ 26, 40).[3] Plaintiff alleges that no one else from the Desktop/Endpoint and Service Desktop Teams, including Mr. Clemons, and Mr. Gale, were disciplined or terminated for the cyberattack. (Doc. 1 at ¶¶ 36, 43-44).

---

[3] Plaintiff does not state the date that he was allegedly placed on administrative leave. Nor does Plaintiff state the date Mr. Soneyin was allegedly placed on administrative leave.

4

### III.  LEGAL STANDARD

Fulton County's Motion is brought under Federal Rule of Civil Procedure 12(b)(6). Pursuant to Rule 12(b)(6), a defendant may move to dismiss a complaint on the ground that the plaintiff failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint. *Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009). For purposes of a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-664 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *M.T.V. v. DeKalb County School Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). A plaintiff's claims will survive a motion to dismiss only if the complaint pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Conclusory allegations are not entitled to a presumption of truth, and legal conclusions must be supported by factual allegations. *Randal v. Scott*, 610 F.3d 701, 709-710 (11th Cir. 2010). In other words, a complaint must plead "factual content that allows the court to draw the reasonable

5

inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Accordingly, a district court may "insist upon some specificity in (the) pleading before allowing a potentially massive factual controversy to proceed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 558 (2007) (quotation marks omitted). "If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed." *Chestnut v. Merrill*, 377 F. Supp. 3d 1308, 1312 (N.D. Ala. 2019).

### IV.   ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiff Fails to Plausibly Allege a Title VII National Origin Discrimination Claim Based on Disparate Treatment.**

Assuming arguendo that Plaintiff's national origin discrimination claim was timely and properly brought in a charge to the EEOC, Plaintiff's national origin discrimination claim should be dismissed because Plaintiff does not allege sufficient facts to plausibly allege a discrimination claim based on disparate treatment.

To establish a prima facie case of national origin discrimination based on disparate treatment under Title VII, Plaintiff must show that: (1) he belongs to a protected class, (2) he suffered an adverse employment action, (3) his employer treated similarly situated employees outside his protected class more favorably, and (4) he was qualified to perform the duties of his job. *McCaulley v. Harvard Drug*

*Grp., LLC*, 992 F. Supp. 2d 1192, 1196 (N.D. Ala. 2014); *Akwiwu v. Alabama Dep't of Youth Servs.*, 62 F. Supp. 3d 1291, 1298 (M.D. Ala. 2014). The *McCaulley* Court held that "[a]lthough a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, it must provide 'enough factual matter (taken as true) to suggest' intentional ... discrimination." *McCaulley*, 992 F. Supp. 2d at1196. Here, Plaintiff alleged that he is a member of a protected class as a Nigerian and that he was terminated because of his national origin. (Doc. 1 at ¶¶ 52, 56). The Eleventh Circuit has affirmed dismissal of disparate treatments complaints, where, as here, the complaint fails to allege that similarly situated employees in "all relevant respects" were treated more favorably. *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (affirming the dismissal of the plaintiff's complaint for failing to identify any valid comparators to undergird her disparate treatment claims). To establish whether the employer treated similarly situated an employee outside of his protected class more favorably, Plaintiff must show that he generally "(1) have engaged in the same basic conduct as the plaintiff; (2) have been subject to the same employment policy or guidelines; (3) have been working under the same supervisor; and (4) share the plaintiff's employment or disciplinary history." *West v. Butler Cnty. Bd. of Educ.*, 614 F. Supp. 3d 1050, 1070 (M.D. Ala. 2022).

Here, Plaintiff's Complaint lacks sufficient facts to plausibly demonstrate that any non-Nigerians, who, like him, were Technical Operations Managers during the relevant time period were treated more favorably than him, and are similarly situated to Plaintiff in all relevant respects. *See* Complaint. Specifically, Plaintiff fails to provide sufficient facts as to his involvement or role at the initial stage of the cyber attack, during and after the cyber attack to indicate that he engaged in the same basic conduct as or to even compare his conduct to that of his direct supervisor, Mr. Clemons and the two Senior Systems Engineers, whom Plaintiff managed. (Doc. 1 at ¶¶ 15, 54-55. Because Plaintiff has not provided sufficient facts regarding his own conduct, he fails to plead sufficient facts plausibly indicating that the alleged comparators engaged in the same basic conduct as he did to demonstrate that they were similarly situate therefore Plaintiff's Title VII disparate treatment discrimination claim should be dismissed. *West v. Butler Cnty. Bd. of Educ.*, 614 F. Supp. 3d at 1070.

Furthermore, although Plaintiff claims he was subjected to derogatory remarks at some unknown point in time prior to his termination, the lack of a similarly situated comparator who was not terminated and the absence of any fact indicating the person who terminated him was also the person who made the derogatory remarks leaves the Complaint devoid of facts that connect Plaintiff's

8

termination to a discriminatory motive. Without those facts, the Court would have to speculate about comparators and then make the leap to conclude that Plaintiff's termination was based on an unlawful motive. Due to the factual deficiencies in the Complaint, in addition to the other reasons above, the discriminatory termination claim in Count I should be dismissed. *See Edwards v. Prime, Inc.*, (602 F.3d 1276, 1301 (11th Cir. 2010) (holding that allegations of being threatened and shunned by co-workers of another race are insufficient to state a plausible claim of race discrimination); *Hopkins v. Saint Lucie County School Bd.*, 399 Fed. App'x 563, 566 (11th Cir. 2010).

### B. Plaintiff Fails to State a Claim for Retaliation Under Title VII.

Title VII prohibits an employer from retaliating against an employee because the employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a); *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Like Plaintiff's Title VII discrimination claim, it is similarly useful to review Plaintiff's Title VII retaliation claim under the *prima facie* framework to determine whether he states a plausible claim. To establish a prima facie case of retaliation under Title VII, Plaintiff must prove that he: (1) participated in an activity protected by Title

VII; (2) he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. *Pipkins v. City of Temple Terrace, Fla.*, 267 F.3d 1197, 1201 (11th Cir. 2001). To satisfy the third element, "Plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Glover v. Donahoe*, 626 F. App'x 926, 931 (11th Cir. 2015). In other words, Plaintiff must demonstrate that "his protected activity was a but-for cause of the alleged adverse action by the employer." *Smith v. City of Fort Pierce, Fla.*, 565 F. App'x 774, 778 (11th Cir. 2014).

Here, Plaintiff alleges that he was subjected to derogatory remarks about his national origin and the ethnic composition of team from his direct supervisor in November of 2023. (Doc. 1 at ¶¶ 20-21). Plaintiff further alleges that he reported the purported derogatory remarks to the Fulton County's Human Resources officials but does not identify the date of his report. (Doc. 1 at ¶ 24). According to Count II of the Complaint, following his report to Human Resources, Plaintiff was placed on paid administrative leave in February 2024 and subsequently terminated on July 11, 2024. (Doc. 1 at ¶¶ 26, 65-6, 40). Plaintiff does not plead facts stating the alleged reason for his placement on administrative leave. But he alleges his placement on administrative and eventual termination were adverse employment acts for purposes

10

of his retaliation claim. (Doc. 1 at ¶ 52). Plaintiff offers no facts about the administrative leave (e.g., the duration or changes, if any at all, to his pay or benefits) that can plausibly demonstrate that placement on administrative leave was an action "that 'well might have dissuaded' a reasonable employee from reporting discriminatory conduct." *Byrd v. Gwinnett Cnty. Sch. Dist.,* 728 F. Supp. 3d 1257, 1266 (N.D. Ga. 2024). Thus, the Court should not consider this leave status an adverse act.

As to Plaintiff's termination, Plaintiff failed to plead sufficient facts from which one could infer plausibly that a causal connection existed between Plaintiff's alleged complaint to Fulton County Human Resources and his administrative leave and subsequent termination. *See generally*, Plaintiff's Complaint (Doc. 1). Nor does he allege that the decision-maker who terminated his employment had knowledge of his complaint at the time he was placed on administrative leave and his termination. *See Johnson v. Miami-Dade Cnty.,* 948 F.3d 1318, 1325 (11th Cir. 2020) (Plaintiff must show that there is some causal connection between his purported protected activity and his termination). Accordingly, this Court should dismiss Plaintiff's Title VII retaliation claim in Count II.

## V.     CONCLUSION

For the forgoing reasons, Fulton County respectfully requests that this Court grants its Motion to Dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 8th day of December, 2025.

**OFFICE OF THE COUNTY ATTORNEY**

DOMINIQUE MARTINEZ
Deputy County Counsel
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov

FRANCESCA E. BLACK
Supervising County Counsel
Georgia Bar No. 772988
francesca.black@fultoncountyga.gov

*/s/ Hermise Pierre*
HERMISE PIERRE
Senior Assistant County Counsel
Georgia Bar No. 597541
Hermise.pierre@fultoncountyga.gov

141 Pryor Street SW, Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Telephone)
(404) 730-6324 (Facsimile)
*Attorneys for Defendant Fulton County, GA*

*I hereby certify the foregoing BRIEF IN SUPPORT OF FULTON COUNTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was prepared using Times New Roman 14point type in accordance with Local Rule 5.1 B.*

This 8th day of December, 2025.

***/s/ Hermise Pierre***
HERMISE PIERRE
Senior Assistant County Counsel
Georgia Bar No. 597541
Hermise.pierre@fultoncountyga.gov

**OFFICE OF THE COUNTY ATTORNEY**

141 Pryor Street SW, Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Telephone)
(404) 730-6324 (Facsimile)
*Attorney for Defendant*